J-S09003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EVANS PARKS | : | |
| | : | |
| Appellant | : | No. 1172 EDA 2019 |

Appeal from the PCRA Order Entered April 15, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003280-2016

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.*

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 12, 2020**

Appellant, Evans Parks, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. In addition, counsel for Appellant has filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[1]  After review, we grant counsel's petition to withdraw and affirm the order of the PCRA court.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Counsel filed a brief entitled, "**Turner/Finley/Anders** Brief."  A brief filed pursuant to **Anders v. California**, 386 U.S. 738 (1967), is proper where counsel seeks to withdraw representation in a direct appeal.  This matter, however, involves an application to withdraw on collateral review.  Therefore,

In its opinion, the PCRA court set forth the relevant facts and procedural history of this matter as follows:

> On February 29, 2016, [Appellant] was arrested and charged with Attempt[ed] Murder and related offenses. On August 2, 2017, [Appellant] appeared before this [c]ourt and entered into a negotiated guilty plea to Attempt[ed] Murder and Possession of a Firearm by Persons Prohibited ("VUFA 6105").[1] On that same date, after [Appellant] waived his right to a presentence investigation and mental health reports, this [c]ourt imposed the negotiated sentence of six and one-half to fifteen years of imprisonment for Attempt[ed] Murder and a concurrent sentence of five to ten years of imprisonment for VUFA 6105, for a total sentence of six and one-half years to fifteen years of imprisonment. [Appellant] did not file a post-sentence motion or a Notice of Appeal.
>
> [1] The remaining charges were *nolle prossed*.
>
> On May 18, 2018, [Appellant] filed a timely *pro se* Post-Conviction Relief Act ("PCRA") petition. On September 6, 2018, appointed PCRA counsel filed a no-merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) and a Motion to Withdraw. On September 13, 2018, after an independent review, this [c]ourt agreed that the instant petition was meritless and issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. On October 1, 2018, [Appellant] filed a *pro se* Response to this [c]ourt's 907 [notice] and on October 14, 2018, counsel filed an Amended Petition. On April 15, 2019, after this [c]ourt conducted an evidentiary hearing, this [c]ourt dismissed the instant petition. On April 23, 2019, [Appellant] filed a timely Notice of Appeal.

_____

a ***Turner***/***Finley*** no-merit letter is the appropriate filing. ***Turner***, 544 A.2d 927; ***Finley***, 550 A.2d 213. This Court has held that "[b]ecause an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** letter." ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted). Nevertheless, because ***Turner***, ***Finley***, and their progeny provide the proper means of review, we refer to counsel's brief as a ***Turner***/***Finley*** brief.

PCRA Court Opinion, 6/19/19, at 1-2.  As noted, counsel has filed a brief on Appellant's behalf, and counsel's petition to withdraw remains outstanding.

Prior to addressing the merits of the issues on appeal, we must first decide whether counsel has fulfilled the procedural requirements for withdrawing his representation.  **Commonwealth v. Daniels**, 947 A.2d 795, 797 (Pa. Super. 2008).  This Court has listed conditions counsel must satisfy when seeking to withdraw in a collateral appeal:

> Counsel petitioning to withdraw from PCRA representation must proceed … under **Turner**, **supra** and **Finley**, **supra** and … must review the case zealously.  **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner:  (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that … satisfy the technical demands of **Turner**/**Finley**, the [court in which the application was filed, meaning the trial court or the appellate court] must then conduct its own review of the merits of the case.  If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

- 3 -

In the application filed with this Court, Attorney Server explained he reviewed the case, evaluated the issues, conducted an independent review of the record, and concluded there were no issues of merit. Counsel listed issues Appellant sought to raise and explained why the appeal is without merit. In addition, counsel asserted that he served upon Appellant a copy of the application to withdraw, the brief, and a letter addressed to Appellant accompanying those documents. Thus, we will allow counsel to withdraw if, after our independent review, we conclude that the claim relevant to this appeal lacks merit. Accordingly, we next review the issues raised in the *Turner*/*Finley* brief.

In the *Turner*/*Finley* brief, counsel set forth the issues Appellant wanted to raise on appeal, which counsel concludes are meritless, as follows:

> I. Whether trial counsel was ineffective for (a) unlawfully inducing the Appellant to enter a guilty plea, (b) failing to withdraw the guilty plea as requested and (c) failing to file an appeal?
>
> II. Whether the Appellant's guilty plea was a knowing and voluntary plea?
>
> III. Whether the Appellant is entitled under COMMONWEALTH V. LANTZY, 736 A.2d 564 (PA. 1999) to the reinstatement of his appellate rights nunc pro tunc?

*Turner*/*Finley* Brief at 6.[2]

---

[2] We have reordered the issues for ease of disposition.

In addition, after PCRA counsel filed his **Turner**/**Finley** brief and petition to withdraw as counsel, Appellant filed a *pro se* response and objection to the **Turner**/**Finley** brief and counsel's petition. In Appellant's *pro se* response, he raises the following issues, which we present here verbatim:

I. Whether the trial courts imposition of cost and crime victims compensation fund victim/witness services fund illegal insofar as it did not comply with the terms of the negotiated plea agreement and trial counsel ineffectively failed to raise this in a motion to withdraw the plea or raise this issue on direct appeal and PCRA counsel's ineffectively omitted trial counsel's ineffectiveness in amended PCRA petitions?

II- Whether the plea was entered with a full understanding of the consequences thereof when Appellant was not advised that the sentencing court could impose consecutive sentences rather than concurrent sentences and trial counsel ineffectively failed to raise this issue in a motion to withdraw the plea or raise this claim on direct appeal and PCRA counsel's ineffectively omitted trial counsel's ineffectiveness in amended PCRA petitions?

III. Whether Appellant's guilty plea was the invalid consequence of the trial courts active participation in plea negotiations and trial counsel ineffectively failed to raise this issue in a motion to withdraw the plea or raise this issue on direct appeal and PCRA counsel's ineffectively omitted this claim in amended PCRA petition.

IV. Whether Appellant received ineffective assistance of court-appointed PCRA counsel, to the extent his PCRA counsel failed to raise, present and preserve the issues presently before this Court in an amended PCRA petition.

Appellant's *pro se* response to **Turner**/**Finley** Brief at 2-3.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super.

2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). A PCRA court's credibility findings are to be accorded great deference. **Commonwealth v. Dennis**, 17 A.3d 297, 305 (Pa. 2011) (citation omitted). "Where the record supports the PCRA court's credibility determinations, such determinations are binding on a reviewing court." **Id**. (citation omitted).

We begin with the issues raised in counsel's **Turner**/**Finley** brief. The first issue addresses claims of trial counsel's alleged ineffectiveness in three instances: ineffectiveness for a) unlawfully inducing the Appellant to enter a guilty plea; b) failing to withdraw the guilty plea as requested; and c) failing to file an appeal. **Turner**/**Finley** Brief at 6. In order to plead and prove ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. **Commonwealth v. Stewart**, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these prongs. **Commonwealth v. Martin**, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to have rendered effective assistance of counsel. **Commonwealth v. Montalvo**, 114 A.3d 401, 410 (Pa.

2015). We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). "We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case." ***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (citing ***Commonwealth v. Albrecht***, 720 A.2d 693, 701 (Pa. 1998)).

Moreover, ineffective assistance of counsel claims in connection with the entry of a guilty plea serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id***. (citation and quotation marks omitted).

We have reviewed the briefs of the parties, the certified record before us on appeal, and the PCRA court opinion filed pursuant to Pa.R.A.P. 1925(a) on June 19, 2019. We conclude that the PCRA court's opinion thoroughly and accurately addressed and disposed of Appellant's ineffective assistance of counsel issues. Specifically, the PCRA court properly concluded that there was no merit to the underlying claims alleged to give rise to the ineffectiveness

assertions. PCRA Court Opinion, 6/19/19, at 5-11. Consequently, we discern no error in the PCRA court's order dismissing Appellant's petition. We affirm the PCRA court's decision on this issue on the basis of the PCRA court's opinion and adopt its analysis as our own.

The second issue raised in the **Turner**/**Finley** brief asserts that Appellant's guilty plea was not knowing and voluntary. **Turner**/**Finley** Brief at 18-22. As noted above, the PCRA court addressed this issue in its discussion of Appellant's claims that counsel was ineffective for unlawfully inducing Appellant to enter a guilty plea. Specifically, the PCRA court stated, in relevant part, as follows:

> The record reflects that [Appellant] entered into a knowing, intelligent, and voluntary guilty plea. [Appellant] reviewed and signed a written guilty plea colloquy form which indicated that he understood the nature of the charges he pled guilty to, the factual basis for his plea, his right to a jury trial, the presumption of innocence, and the permissible range of sentences. By signing the colloquy form, [Appellant] indicated that he wished to enter his plea on his own volition and willingly gave up defenses to the charges and the vast majority of his appellate rights.
>
> This [c]ourt supplemented [Appellant's] written colloquy form with an extensive oral colloquy, during which this [c]ourt confirmed that [Appellant] received his high school diploma, could read, write, and understand the English language, had never been treated for a mental illness, and was not under the influence of drugs or alcohol. This [c]ourt further verified that [Appellant] understood that he was giving up all of his rights to trial. This [c]ourt described the elements and maximum penalties of each crime to [Appellant] and reminded him that he was presumed to be innocent and that this [c]ourt was imposing a sentence that [Appellant] himself requested. This [c]ourt also discussed at length with [Appellant] the secondary effects of his plea, including the possibility that he would serve back time for a previous case because he was on State Parole when he committed the instant

offense. Armed with this information, [Appellant] decided to accept the Commonwealth's negotiated plea. After this [c]ourt heard a summary of the facts and determined that the Commonwealth had sufficient evidence to prove [Appellant] guilty, it accepted his plea based on [Appellant's] tremendous family support, his age, and his acceptance of responsibility.

Trial counsel's recommendation to plead guilty was sound, as the instant plea avoided exposure to significant jail time. [Appellant] was sentenced under the applicable sentencing guidelines in place at the time of the offense in 2015, which is the Seventh Edition, Amendment 2. See Pennsylvania Sentencing Guidelines, 204 Pa. Code §§ 303.1-303.14 (2014). With his prior record score of five, the standard range of sentences for Attempt[ed] Murder (OGS 14) is 210 months to the statutory limit of 240 months when the deadly weapon enhancement is applied; the standard range for Aggravated Assault (OGS 11) is seventy two to ninety months (this charge merged with Attempt Murder); the standard range for VUFA 6105 (OGS 10) has a standard range of sixty to seventy two months, and the standard range for PIC (OGS 4) is nine to sixteen months, for a total maximum sentence of thirty to sixty years imprisonment. By electing to plead guilty to Attempt Murder and VUFA 6105, which carried a maximum combined sentence of twenty-two and one-half to forty-five years imprisonment, [Appellant] limited his maximum exposure to imprisonment by thirty years. When it accepted the negotiated guilty plea, this [c]ourt acknowledged the significant deviation below the guideline range in [Appellant's] sentence.

Nothing on the record indicates that [Appellant] was misled by trial counsel. This [c]ourt advised [Appellant] that he did not need to plead guilty and could take his case to trial. Further, this [c]ourt gave [Appellant] an opportunity to speak with his wife prior to entering into the plea so he could make a decision that was in his best interest. In addition, [Appellant] was counseled by his competent defense attorney and thoroughly discussed the various options available to him before making his decision to plead guilty, as well as the option to plead nolo contendere. This [c]ourt confirmed with [Appellant] that it was his decision to plead guilty, not the decision of his wife or his attorney. Accordingly, there is no evidence supporting [Appellant's] claim that he was coerced into pleading guilty.

PCRA Court Opinion, 6/19/19, at 6-8.

We agree with the PCRA court's conclusion that Appellant's guilty plea was voluntarily and knowingly entered. Appellant is entitled to no relief on this claim.

In the next issue raised in the ***Turner***/***Finley*** brief, Appellant maintains that he is entitled to reinstatement of his appellate rights *nunc pro tunc* under ***Commonwealth v. Lantzy***, 736 A.2d 564 (Pa. 1999). ***Turner/Finley*** Brief at 22-29. We note that our Supreme Court has stated the following regarding the duty attorneys owe to their clients in the appellate context:

> [W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9 ....

***Lantzy***, 736 A.2d at 572 (footnotes omitted). "It is well-settled that an accused who is deprived entirely of his right of direct appeal by counsel's failure to perfect an appeal is *per se* without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights." ***Commonwealth v. Grosella***, 902 A.2d 1290, 1293 (Pa. Super. 2006) (internal citation and emphasis omitted).

As noted above, the PCRA court concluded that trial counsel was not ineffective for failing to file an appeal. PCRA Court Opinion, 6/19/19, at 10-12. The record supports that conclusion, and we agree with the PCRA court's

determination. As such, Appellant is not entitled to reinstatement of his appellate rights, *nunc pro tunc*, under **Lantzy**.

We now examine the issues raised by Appellant in his *pro se* response to counsel's **Turner**/**Finley** brief. In his first issue, Appellant asserts that imposition of trial costs and payment to the crime victims' compensation fund was illegal as it did not comply with the terms of the negotiated plea agreement, and trial counsel was ineffective for failing to raise this issue. *Pro Se* Response, 11/19/19, at 2, 7-8. Appellant, however, did not raise this challenge before the PCRA court. As a result, Appellant may not do so for the first time on appeal. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Thus, we conclude that this issue is waived.

Moreover, despite Appellant's assertion, this issue does not go to the legality of his sentence. Instead, it challenges the voluntariness of his plea. As noted, Appellant did not file a timely motion to withdraw his plea, and we have concluded that Appellant voluntarily and knowingly entered his plea. As such, Appellant is entitled to no relief on this claim.

In his second and third issues, Appellant challenges the validity of his guilty plea. For the reasons outlined by the PCRA court and restated in part above, Appellant has failed to establish that his guilty plea was not voluntary and knowing. Appellant is entitled to no relief on these claims.

In his final issue, Appellant asserts that he received ineffective assistance of PCRA counsel "to the extent his PCRA counsel failed to raise, present and preserve the issues presently before this Court in an amended PCRA petition." Appellant's *Pro Se* response, 11/19/19, at 3, 13-22. Herein, appointed PCRA counsel filed an amended PCRA petition on Appellant's behalf on October 14, 2018. In that amended PCRA petition, counsel presented Appellant's challenges and indicated that counsel intended to file a *Turner*/*Finley* brief due to the fact that he believed Appellant's claims to lack merit. Amended PCRA Petition, 10/14/18, at 1-3.

We note the following with regard to Appellant's claims of PCRA counsel's ineffectiveness:

> Where the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney.
>
> Layered claims of ineffectiveness are not wholly distinct from the underlying claims[,] because proof of the underlying claim is an essential element of the derivative ineffectiveness claim[.] In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

*Rykard*, 55 A.3d at 1190 (internal citations and quotation marks omitted.).

As noted, the claims of trial counsel ineffectiveness raised by Appellant lacked merit. Accordingly, there can be no finding of ineffectiveness of PCRA counsel for failing to file a claim of trial counsel ineffectiveness that lacks

merit. ***Rykard***, 55 A.3d at 1190. Appellant is not entitled to relief on this claim.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. The record supports the PCRA court's credibility determinations, and we agree with counsel that Appellant's claims lack merit. Moreover, having conducted an independent review of the record in light of the PCRA petition, as well as the contents of counsel's petition to withdraw and brief, we agree that the PCRA petition is meritless and permit counsel to withdraw. ***Daniels***, 947 A.2d at 798.[3]

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/12/2020

---

[3] The parties are directed to attach a copy of the PCRA court's June 19, 2019, opinion in the event of further proceedings in this matter.

- 13 -

## IN THE COURT OF COMMON PLEAS
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     : CP-51-CR-0003280-2016

    :

    :

v.     :

    :

    :

EVANS PARKS     :

    :

### OPINION

**McDermott, J.**                                                  **June 19, 2019**

### Procedural History

On February 29, 2016, the Petitioner, Evans Parks, was arrested and charged with Attempt Murder and related offenses. On August 2, 2017, the Petitioner appeared before this Court and entered into a negotiated guilty plea to Attempt Murder and Possession of a Firearm by Persons Prohibited ("VUFA 6105").[1] On that same date, after the Petitioner waived his right to a presentence investigation and mental health reports, this Court imposed the negotiated sentence of six and one-half to fifteen years of imprisonment for Attempt Murder and a concurrent sentence of five to ten years of imprisonment for VUFA 6105, for a total sentence of six and one-half years to fifteen years of imprisonment. The Petitioner did not file a post-sentence motion or a Notice of Appeal.

On May 18, 2018, the Petitioner filed a timely *pro se* Post-Conviction Relief Act ("PCRA") petition. On September 6, 2018, appointed PCRA counsel filed a no-merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) and a Motion to Withdraw. On September 13, 2018, after an independent review, this Court agreed that the

---

[1] The remaining charges were *nolle prossed.*

CP-51-CR-0003280-2016 Comm. v PARKS, EVANS
Opinion



8284520861

instant petition was meritless and issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. On October 1, 2018, the Petitioner filed a *pro se* Response to this Court's 907 and on October 14, 2018, counsel filed an Amended Petition. On April 15, 2019, after this Court conducted an evidentiary hearing, this Court dismissed the instant petition. On April 23, 2019, the Petitioner filed a timely Notice of Appeal.

## Guilty Plea Hearing Facts

During the August 2, 2017 guilty plea hearing, the Petitioner admitted guilt to the following facts:

> On May 2, 2015, complainant, Corey Rex-Bey was at his paramour's house at 350 North 62nd Street in West Philadelphia, when he saw the Petitioner and they began to have an argument on the front porch. The Petitioner drew a silver firearm and shot at the complainant, hitting him one time in the stomach. Rickia Daniel, Nicole Daniel, and the complainant would testify that the Petitioner was the individual who shot the complainant. The complainant was taken to Lankenau Hospital where his gallbladder was removed, he underwent laparoscopic surgery, and suffered internal bleeding and problems with his bowels. The Petitioner fled to Georgia, where he was apprehended on February 29, 2016. The Petitioner is not licensed to carry a firearm and is prohibited from possessing a firearm due to a prior conviction for F1 Aggravated Assault and Possession of a Firearm by a Prohibited Person.[2]

N.T. 8/2/2017 at 43–47.

Prior to entering into the negotiated plea, the Petitioner requested that he be afforded an opportunity to speak with his wife in this Court's consultation booth to discuss his decision to plead guilty. This Court permitted the Petitioner to speak with his wife. At the conclusion of his conversation with his wife, the Petitioner indicated that he wanted to enter into the negotiated guilty plea. He told this Court that it was his decision and he was not influenced by his wife's opinion. *Id.* at 23–25, 29–30, 32.

---

[2] *See* CP-51-CR-806971-2006.

2

The Commonwealth presented two different plea options to the Petitioner if he chose to enter into a guilty plea. The Petitioner had the option to accept a sentence of six and one half years to fifteen years of imprisonment, or six years to twenty years of imprisonment. This Court explained the difference in the sentencing options to the Petitioner. *Id.* at 14, 18.

**PCRA Evidentiary Hearing Facts**

According to trial counsel, he spoke with the Petitioner's wife, Shakara Hickman, about the Petitioner's option to enter into a negotiated guilty plea, prior to the guilty plea hearing. Trial counsel often spoke with Hickman via text message and phone conversations. Trial counsel did not receive any communication from Hickman within thirty days of the plea/sentence. N.T. 4/15/2019 at 35–37.

On August 28, 2017, trial counsel received a letter from the Petitioner requesting a copy of his discovery and other court documents. Trial counsel responded to the Petitioner's letter and acted upon his request. The Petitioner made no reference to his guilty plea in this letter. The letter dated August 28, 2017 was the only letter trial counsel received from the Petitioner in the month after his guilty plea. N.T. 4/15/2019 at 33–34.

On March 12, 2018, six months later, trial counsel received a text message from Hickman asking him to file an appeal on the Petitioner's behalf. Trial counsel responded to Hickman, informing her that he does not practice appellate law and that the Petitioner never requested that an appeal be filed on his behalf. He also told Hickman that before the Petitioner entered into the guilty plea, he explained to the Petitioner that his appellate rights were very limited on appeal. N.T. 4/15/2019 at 35–37, Petitioner's Exhibit 2.

The Petitioner testified that he sent a letter to trial counsel on August 8, 2017, requesting that he file a Motion to Withdraw the Guilty Plea. He claimed that he wrote the letter while he

3

was at SCI Graterford and made a copy of the letter in the law library. The Petitioner did not make a copy of the envelope associated with his letter to trial counsel because he received the envelope for free from the prison. He also alleged that he asked his wife to relay a message to trial counsel about filing an appeal. The Petitioner claimed his wife told him that she eventually sent a text message to trial counsel requesting he file an appeal on the Petitioner's behalf, and trial counsel told her he did not practice appellate law. This Court did not believe that the Petitioner ever sent this letter to trial counsel or that it even existed. *Id.* at 9–11, 13–14.

## Discussion

The Petitioner raises three issues for review, alleging trial counsel was ineffective for: (1) unlawfully inducing him to enter a guilty plea; (2) failing to withdraw his guilty plea; and, (3) failing to file an appeal at the Petitioner's request. To warrant relief based on an ineffectiveness claim, a petitioner must show that such ineffectiveness "in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Bardo*, 105 A.3d 678, 684 (Pa. 2014); 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed to have rendered effective assistance. *Commonwealth v. Weiss*, 81 A.3d 767, 783 (Pa. 2013) (*citing Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117 (Pa. 2012)).

To overcome the presumption, the Petitioner has to satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The Supreme Court of Pennsylvania has applied the *Strickland* test by looking to three elements, whether (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner has shown that he suffered prejudice as a result of counsel's lapse, *i.e.*, that there is a reasonable probability that the result of the proceeding would have been

4

different. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). If a claim fails under any necessary element of the *Pierce* test, the court may proceed to that element first. *Commonwealth v. Bennett*, 57 A.3d 1185, 1195–1196 (Pa. 2011). Counsel will not be deemed ineffective for failing to raise a meritless claim. *Commonwealth v. Rivera*, 108 A.3d 779, 789 (Pa. 2014) (*citing Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006)).

The Petitioner claims his actual innocence, alleging that there is no evidence to support his involvement in the crimes charged, and that trial counsel was ineffective for inducing him to enter a guilty plea. Allegations of ineffectiveness in the context of a guilty plea serve as a basis for relief only if the ineffectiveness caused the petitioner to enter an involuntary or unknowing plea. *Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (*citing Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007)). Where the petitioner enters his plea based on the advice of counsel, voluntariness is determined by whether counsel's advice was within the range of competence demanded by attorneys in criminal cases. *Id.*

Pleas must be taken in open court, and trial courts must conduct an on the record colloquy to ascertain whether the defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). Through its colloquy, the trial court must affirmatively demonstrate that the defendant understands: (1) the nature and charges to which he pleads guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of his innocence; (5) the permissible ranges of sentences and fines; and, (6) that the judge is not bound by an agreement unless the defendant accepts it. Pa.R.Crim.P. 590 *Comment*. To be eligible for relief based on an unlawful inducement claim, a petitioner must plead and prove by a preponderance of the evidence that his conviction resulted from "a plea of

5

guilty unlawfully induced where the circumstances make it likely that the inducement caused the petition to plead guilty and the petitioner is innocent." *See* 42 Pa.C.S. § 9543(a)(2)(iii).

The record reflects that the Petitioner entered into a knowing, intelligent, and voluntary guilty plea. The Petitioner reviewed and signed a written guilty plea colloquy form which indicated that he understood the nature of the charges he pled guilty to, the factual basis for his plea, his right to a jury trial, the presumption of innocence, and the permissible range of sentences. N.T. 8/2/2017 at 5–10, 33–34, 43–47. By signing the colloquy form, the Petitioner indicated that he wished to enter his plea on his own volition and willingly gave up defenses to the charges and the vast majority of his appellate rights.

This Court supplemented the Petitioner's written colloquy form with an extensive oral colloquy, during which this Court confirmed that the Petitioner received his high school diploma, could read, write, and understand the English language, had never been treated for a mental illness, and was not under the influence of drugs or alcohol. N.T. 8/2/2017 at 20. This Court further verified that the Petitioner understood that he was giving up all of his rights to trial. *Id.* at 21–23, 35–38. This Court described the elements and maximum penalties of each crime to the Petitioner and reminded him that he was presumed to be innocent and that this Court was imposing a sentence that the Petitioner himself requested. *Id.* at 37–38. This Court also discussed at length with the Petitioner the secondary effects of his plea, including the possibility that he would serve back time for a previous case because he was on State Parole when he committed the instant offense. *Id.* at 11–13. Armed with this information, the Petitioner decided to accept the Commonwealth's negotiated plea. After this Court heard a summary of the facts and determined that the Commonwealth had sufficient evidence to prove the Petitioner guilty, it

6

accepted his plea based on the Petitioner's tremendous family support, his age, and his acceptance of responsibility. *Id.* at 51–53.

Trial counsel's recommendation to plead guilty was sound, as the instant plea avoided exposure to significant jail time. The Petitioner was sentenced under the applicable sentencing guidelines in place at the time of the offense in 2015, which is the Seventh Edition, Amendment 2. *See* Pennsylvania Sentencing Guidelines, 204 Pa. Code §§ 303.1-303.14 (2014). With his prior record score of five, the standard range of sentences for Attempt Murder (OGS 14) is 210 months to the statutory limit of 240 months when the deadly weapon enhancement is applied; the standard range for Aggravated Assault (OGS 11) is seventy two to ninety months (this charge merged with Attempt Murder); the standard range for VUFA 6105 (OGS 10) has a standard range of sixty to seventy two months, and the standard range for PIC (OGS 4) is nine to sixteen months, for a total maximum sentence of thirty to sixty years imprisonment. By electing to plead guilty to Attempt Murder and VUFA 6105, which carried a maximum combined sentence of twenty-two and one-half to forty-five years imprisonment, the Petitioner limited his maximum exposure to imprisonment by thirty years. When it accepted the negotiated guilty plea, this Court acknowledged the significant deviation below the guideline range in the Petitioner's sentence.

Nothing on the record indicates that the Petitioner with misled by trial counsel. This Court advised the Petitioner that he did not need to plead guilty and could take his case to trial. N.T. 8/2/2017 at 35. Further, this Court gave the Petitioner an opportunity to speak with his wife prior to entering into the plea so he could make a decision that was in his best interest. *Id.* at 29–30. In addition, the Petitioner was counseled by his competent defense attorney and thoroughly discussed the various options available to him before making his decision to plead guilty, as well as the option to plead *nolo contendere. Id.* at 19–20. This Court confirmed with the Petitioner

7

that it was his decision to plead guilty, not the decision of his wife or his attorney. *Id.* at 29. Accordingly, there is no evidence supporting the Petitioner's claim that he was coerced into pleading guilty.

In the Petitioner's next claim, he alleges trial counsel was ineffective for failing to file a motion to withdraw his guilty plea. A defendant must file a written post-sentence motion to withdraw a guilty plea no later than 10 days after imposition of the sentence. Pa.R.Crim.P. 720. The standard for post-sentence withdraw of a guilty plea is a stringent one, and requires the defendant to establish manifest injustice. *Commonwealth v. Hvizda*, 116 A.3d 1103, 1106 (Pa. 2015). The bare assertion of innocence is not, in it of itself, a reason to require the court to grant a defendant's motion to withdraw a guilty plea. *Id. (citing Commownealth v. Carrasquillo*, 115 A.3d 1284 (Pa. 2015)). Post-sentence motions for withdraw are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. *Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. 2009).

The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea. *Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (*citing Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005)). Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id. (quoting Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa. Super. 2007)).

8

On September 6, 2018, PCRA counsel filed a *Finley* letter in the instant case, and mailed a copy of his letter to the Petitioner. On October 1, 2018, upon receiving PCRA counsel's *Finley* letter, which outlined the standard for withdrawing a guilty plea, the Petitioner filed a 907 Response with this Court, and attached a letter, dated August 8, 2017, in which the Petitioner claims he sent to trial counsel requesting that he file a Motion to Withdraw the Guilty Plea. The Petitioner did not attach this letter as an exhibit to his *pro se* petition.

This Court believes that the Petitioner created the August 8, 2017 letter to trial counsel after PCRA counsel filed his *Finley* letter, once he learned of the timing requirements for withdrawing his guilty plea. At the evidentiary hearing, trial counsel provided clear and credible testimony that he never received a letter from the Petitioner to withdraw his guilty plea, and that, if he had received a request, he would have filed a motion on the Petitioner's behalf. N.T. 4/15/2019 at 33–34. Based on the evidence and testimony presented at the evidentiary hearing, this Court made a credibility determination that trial counsel testified truthfully and that the Petitioner did not send him a letter requesting his guilty plea be withdrawn.

This Court further notes that the Petitioner has failed to demonstrate a manifest injustice warranting the withdrawal of his plea. Prior to entering into the negotiated plea, the Petitioner reviewed the Written Guilty Plea Colloquy with trial counsel and signed it before this Court. *See* Written Guilty Plea Colloquy Form, attached as "Exhibit A." This Court also conducted a full and proper guilty plea colloquy where the Petitioner confirmed that he understood the nature of the charges to which he was pleading guilty, the factual basis for the plea, and the permissible ranges of sentences for the offenses charge. N.T. 8/2/2017 at 5–10, 33–34, 43–47. There is nothing on the record to warrant the withdrawal of his plea. The Petitioner did not suffer manifest injustice, and therefore, this claim is without merit.

The Petitioner also alleges trial counsel was ineffective for failing to file an appeal. If the petitioner does not file a post-sentence motion, his notice of appeal shall be filed within 30 days of imposition of sentence. *See* Pa.R.Crim.P. 720. It is well settled that when a lawyer fails to file a direct appeal requested by the petitioner, the petitioner is automatically entitled to reinstatement of his direct appeal rights. *Commonwealth v. Markowitz*, 32 A.3d 706, 714 (Pa. Super. 2011) (*citing Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999)).

In cases where the petitioner does not clearly convey to trial counsel whether he wishes to file a direct appeal, trial counsel has a constitutionally imposed duty to consult with the petitioner about an appeal when there is reason to think either that a rational petitioner would want to appeal or that this particular petitioner reasonably demonstrated to trial counsel that he was interested in appealing. *Commonwealth v. Rivera*, 154 A.3d 370 (Pa. Super. 2017) (*citing Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)). In making this determination, a court must take into account all the information trial counsel knew or should have known. *Id.*

Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the petitioner seeks an end to judicial proceedings. *Id.* Even in cases where the petitioner pleads guilty, the court must consider such factors as whether the petitioner received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. *Id.* Only by considering all relevant factors in a given case can a court properly determine whether a rational petitioner would have desired an appeal (for example, because there are non-frivolous grounds for appeal) or that a particular petitioner sufficiently demonstrated to counsel an interest in an appeal. *Id.*

10

The Petitioner fails to suggest which issues, if raised on direct appeal, would not be considered frivolous. This Court explained the Petitioner's limited appellate rights to him prior to him entering into the negotiated plea. Trial counsel also discussed the Petitioner's appellate rights with him and explained that they were very limited once he entered into the negotiated plea.[3] Further, the Petitioner received the sentence bargained for, as this Court imposed the sentence the Petitioner himself requested. This Court does not believe a rational Petitioner would want to appeal in this situation.

The record is void of any indications that the Petitioner was interested in appealing at the time his sentence was imposed. As discussed *supra*, this Court did not believe the Petitioner's testimony that he requested trial counsel file an appeal after he was sentenced and he did not supply this Court with any proof that he sent a request to trial counsel within thirty days of his sentencing. Instead, he provided this Court with a letter he sent to trial counsel on February 6, 2018, five months and five days after the time limit had expired, where he requested that trial counsel file a Motion to Reconsider. At the time this letter was sent, the Petitioner had just been informed by the Board of Probation and Parole that he was required to serve his back time. The Petitioner also included his wife's untimely text messages to trial counsel, requesting he file an appeal on the Petitioner's behalf. Because both requests were untimely and there is nothing in the record to indicate that the Petitioner requested an appeal on an earlier date, this argument must fail.

---

[3] This Court believes trial counsel discussed the Petitioner's appellate rights with him both before and after he entered into the negotiated plea.

For the foregoing reasons, the judgment of this Court should be affirmed.

BY THE COURT

Barbara A. McDermott, J.

12

*Commonwealth v. Evans Parks*
CP-51-CR-0003280-2016

## PROOF OF SERVICE

    I hereby certify that I am this day serving the foregoing filing upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

                Philadelphia District Attorney's Office
                Three South Penn Square
                Philadelphia, PA 19107
                Attn: Tracey Kavanagh, Esq.

**Type of Service:**        **Hand Delivery**

                Gary Sanford Server, Esq.
                52103 Delaire Landing
                Philadelphia, PA 19114

**Type of Service:**        **First-Class Mail**

                Evans Parks
                HN7368
                SCI Fayette
                48 Overlook Drive
                La Belle, PA 15450

**Type of Service:**        **First-Class Mail**

**Dated: June 19, 2019**

Stephanie Wolbtransky, Esq.
Law Clerk to the
Honorable Barbara A. McDermott